**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA | : Honorable Katharine S. Hayden |
| v. | : Criminal No. 12-133(KSH) |
| MAHDI SOCARA<br>a/k/a "Mahdi Sakara" | : **ORDER** |

This matter having come before the Court on the motions
of Defendant Mahdi Socara, Richard Coughlin, Esq., Federal Public
Defender, and Lisa Mack, Esq., and John H. Yauch, Esq., Assistant
Federal Public Defenders appearing for Defendant, to which the
United States, Paul J. Fishman, United States Attorney, and
Frances Bajada, Esq. and Bohdan Vitvitsky, Esq., Assistant United
States Attorneys, appearing for the Government, responded, and on
the requests by both parties for rulings to resolve objections
made during the video-taped depositions of witnesses Mohammad
Ghorbani and Bahareh Namazi; and

The Court having considered the briefs of counsel as
well as oral argument during hearings held in open court on May
23, 2012; and

For the reasons set forth on the record on May 23,
2012,

IT IS hereby ORDERED with respect to the Defendant's
motions that:

(1) The Government shall provide Jencks Act material, if any, to the Defendant by June 11, 2012, for witnesses who are government employees and by no later than 3:00 p.m. on the day prior to the day in which any witness who is not a government employee is to testify;

(2) The Government shall provide *Giglio* material, if any, to the Defendant by June 11, 2012, by no later than 3:00 p.m.;

(3) The Government will continue to comply with its discovery obligations and, specifically, its *Brady* obligations;

(4) The Defendant's motion to suppress his post-arrest statements on the grounds that his Sixth Amendment rights were violated is denied; the Defendant's motion to suppress his post-arrest statements on the grounds that his statements were not voluntary and that his Fifth Amendment rights were violated is also denied; the Defendant's petition for an evidentiary hearing is also denied because the Defendant has not proffered evidence contesting the Government's evidence that the statements were voluntary; the statements are, therefore, admissible;

(5) The affidavit in support of the search warrant for the search of the Nutley premises and the search itself were entirely proper and did not violate the Defendant's Fourth Amendment rights;

(6) The Court notes that the Government has agreed that it will not refer to the Defendant's possible drug trafficking or money laundering activities, or his illegal entry or his current immigration status in its case in chief; all such subjects could be explored on cross examination if the Defendant were to testify;

(7) The Court notes that the Government agrees to redact all aliases except for "Mahdi Sakara."  However, should the Defendant attempt to suggest that the creation or use of the alias "Mahdi Sakara" was an accident or mistake rather than that it was intentionally created, or if the Defendant were to testify, the Government may introduce evidence of the Defendant's other aliases;

(8) The Government shall instruct law enforcement personnel involved in this case to preserve their notes and drafts;

(9) No *James* hearing is necessary or warranted; and

(10) Only motions that arise properly will be entertained by the Court.

IT IS hereby ORDERED with respect to the parties' objections made during the video-taped depositions that:

(1) The Defendant's objections to the admission of Mr. Ghorbani's testimony that he petitioned to have his testimony

3

preserved for trial by video taped deposition because of his need to travel overseas in order to be with his elderly father who is sick are overruled;

(2) The Defendant's objections to Mr. Ghorbani's testimony about what he assumed or understood as far as the Defendant's fees were concerned are overruled;

(3) The Court reserves its decision on the Government's objections to Defendant's questions premised on the assumption that customers who utilized Defendant's money transmitting service themselves on that basis have exposure to criminal and/or immigration sanctions; and

(4) The Government's objections on grounds of spousal privilege to Defendant's questions to Ms. Namazi about conversations between Ms. Namazi and her husband are overruled.

**SO ORDERED.**

Dated: ~~June~~ _____, 2012

**HONORABLE KATHARINE S. HAYDEN**
**United States District Judge**